**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

```
-------------------------------------------------
R. ALEXANDER ACOSTA,              :
SECRETARY OF LABOR,               :
UNITED STATES DEPARTMENT OF LABOR,:
                                  :
                 Plaintiff,       :        Civil Action   2:17-04183
                                  :
        v.                        :        No.
                                  :
DONALD TATE, FAS CHEK             :
SUPERMARKETS, and FAS CHEK        :
EMPLOYEE MEDICAL BENEFIT PLAN.,   :
                                  :
                 Defendants.      :
-------------------------------------------------
```

### COMPLAINT

R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary"), hereby alleges:

### Jurisdiction and Venue

1.     This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.     This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     Fas Chek Employee Medical Benefit Plan (the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject

to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).  It is

sponsored by a group of employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. §

1002(5), and is therefore subject to the coverage of the Act pursuant to Section 4(a) of ERISA,

29 U.S.C. § 1003(a).  In the alternative, the Plan constitutes a collection of individual employee

welfare benefit plans pursuant to Section 3(3) of ERISA, 29 U.S.C. § 1002(3), some or all of

which are subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. §

1003(a).  The Plan is administered and the Plan Sponsor is located in Charleston, West Virginia.

   4.  Venue with respect to this action lies in the Southern District of West Virginia,

pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**The Parties**

   5.  The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§

1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among

other means, the filing and prosecution of claims against fiduciaries and others who commit

violations of ERISA.

   6.  Fas Check Supermarkets ("the Company") is the Plan Sponsor and Plan

Administrator of the Plan.  At all relevant times, the Company exercised discretionary authority

and discretionary control respecting management of the Plan, exercised authority and control

respecting management and disposition of the Plan's assets, and had discretionary authority and

discretionary responsibility in the administration of the Plan.  The Company is therefore a

fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a

party-in-interest as that term is defined in Sections 3(14)(A) of ERISA, 29 U.S.C. §§

1002(14)(A).

2

7.     At all relevant times, Donald Tate ("Tate") was the sole owner of the Company and the partial owner of fifteen of the seventeen employers that participated in the Plan.  Additionally, he exercised authority and control respecting management and disposition of the Plan's assets.  Tate is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

8.     The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

### General Allegations

9.     The Company established the Plan in 1998 to provide health and welfare benefits to employees of seventeen conveniences stores.

10.     The Plan is health and welfare plan funded through contributions to the Plan by the employers whose employees are Plan participants.  These contributions to the Plan account are assets within the meaning of ERISA.

11.     The Company hired Benefit Assistance Corporation ("BAC") to process claims and determine when payment of an employee's claim was appropriate.

11.     Between 1995 and 2014 Plan assets were maintained in three bank accounts: one with Branch Banking & Trust Company ("BB&T"), one with the First Bank of Charleston ("FBC"), and one with City National Bank ("CNB").

12.     Between October 2011 and May 2014, Tate made seven withdrawals or transfers from the Plan's accounts at BB&T and FBC.  The Plan's assets that were withdrawn or transferred were then used by Tate and the Company for non-Plan purposes.

3

13.     The actions by Tate and the Company described above resulted in a loss of $35,971.72 to the Plan.

14.     Between March 1, 2014 and November 1, 2014, fifteen Plan participants submitted claims to BAC totaling $29,129.60 for payment of health or welfare benefits provided by the Plan.

15.     These claims were all approved for payment by BAC; however, the Plan lacked sufficient funds to pay the claims.

16.     On November 3, 2014, the Plan was terminated by the Company.

17.     The outstanding $29,129.60 in claims remains unpaid.

18.     Tate and the Company participated knowingly in acts or omissions by each other that they knew to be a breach of fiduciary duty.

19.     Tate and the Company failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA.

20.     Tate and the Company each knew that the others had breached their fiduciary duties, but did not make reasonable efforts under the circumstances to remedy the breaches.

## **Violations**

21.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-20 inclusive.

22.     By the actions and conduct described in paragraphs 1-17, defendants Tate and the Company, as fiduciaries of the Plan:

4

a.   failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

b.   failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

c.   failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

d.   caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

e.   dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

23.     By participating knowingly in the fiduciary breaches of each other knowing such acts or omissions to be breaches of fiduciary duty, Tate and the Company, are each liable for the other's breaches of fiduciary duty, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

24.     By failing to comply with the Section 404(a)(1) of ERISA in the administration of their specific fiduciary duties and thereby each enabling the other to commit a breach of ERISA, Tate and the Company are liable for each other's breaches of fiduciary duty, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

25.     Tate and the Company, as fiduciaries of the Plan, by failing to make reasonable efforts under the circumstances to remedy the breaches of which they had knowledge, are each liable for the other's fiduciary breaches, pursuant to Section 405(a) (3) of ERISA, 29 U.S.C. § 1105(a)(3).

### Prayer for Relief

26.     WHEREFORE, the Secretary prays that this Court issue an order:

a. Ordering Tate and the Company to restore  to the Plan all losses, including interest or lost opportunity costs, which were caused by their fiduciary misconduct;

b. Ordering Tate and the Company to correct the prohibited transactions in which they engaged or in which they caused the Plan to engage;

c. Removing Tate and the Company as fiduciaries of the Plan and of any employee benefit plan for which Tate and the Company act as fiduciaries;

d.   Permanently enjoining Tate and the Company from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

e.   Permanently enjoining Tate and the Company from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

f.   If necessary, appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the Plan, with all costs to be borne by the defendants;

g.   Ordering the defendants, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

h.   Awarding plaintiff, the Secretary, the costs of this action; and

i.   Awarding such other relief as is equitable and just.

Respectfully Submitted,

Post Office Address:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
Phone: (215) 861-5144
Fax:  (215) 861-5162

Oscar L. Hampton III
Regional Solicitor

Jodeen M. Hobbs
Regional Counsel for ERISA

Jessica R. Brown
Senior Trial Attorney
PA 87322

U.S. DEPARTMENT OF LABOR

CAROL A. CASTO
United States Attorney


s/Stephen M. Horn
Assistant United States Attorney
WV State Bar No. 1788
Counsel for United States
United States Attorney's Office
300 Virginia Street, E, Room 4000
Charleston, WV  25301
P: 304-345-2200
F: 304-347-5443
E: steve.horn@usdoj.gov

U.S. DEPARTMENT OF JUSTICE

Attorney for Plaintiff

8